**Dominic BEVILAQUA, Plaintiff,**

v.

**Stanley M. BERNSTEIN, M.D. and The Lincoln Medical Practice, Defendants.**

**No. 86 Civ. 10084 (EW).**

United States District Court,
S.D. New York.

Sept. 3, 1986.

---

**5.** *See* N.Y.Civ.Prac.L. & R. Section 5303.

**6.** *Cf. Key Pharmaceuticals, Inc. v. Hans Loey,* 54 F.R.D. 447, 449 n. 5 (S.D.N.Y.1972).

⊚⟳318

Grutman, Miller, Greenspoon & Hendler, New York City, for plaintiff; Norman Roy Grutman, Adrienne DeLuca, of counsel.

Wilson, Elser, Moskowitz, Edelman & Dicke, New York City, for defendants; Marshal S. Endick, Gerard McEnery, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff Dominic Bevilaqua commenced this suit on December 30, 1985, seeking damages for medical malpractice from defendants Stanley M. Bernstein and the Lincoln Medical Practice, which Bernstein owns. Plaintiff alleges in his complaint that this Court has subject matter jurisdiction over his suit under 28 U.S.C. § 1332 because the opposing parties are of diverse citizenship and the amount in controversy exceeds $10,000. Defendants were citizens of the State of New York when plaintiff commenced his suit. They maintain, however, and plaintiff denies, that plaintiff was also a citizen of the State of New York at that time. Defendants thus claim that diversity of citizenship is lacking and move for dismissal of plaintiff's complaint pursuant to Fed.R.Civ.P. 12(h)(3) and for the imposition of sanctions pursuant to Fed.R.Civ.P. 11. Plaintiff opposes defendants' motion and moves to compel defendants to comply with discovery requests and for the imposition of Rule 11 sanctions.

Jurisdiction under 28 U.S.C. § 1332 requires that there be complete diversity of citizenship between opposing parties. Whether diversity exists is determined as of the time the action is commenced. *See Anderson v. Watt*, 138 U.S. 694, 702–03, 11 S.Ct. 449, 451, 34 L.Ed. 1078 (1891); *Spanos v. Skouras Theaters Corp.*, 235 F.Supp. 1, 3 (S.D.N.Y.1964), *aff'd*, 364 F.2d 161 (2d Cir.), *cert. denied*, 385 U.S. 987, 87 S.Ct. 597, 17 L.Ed.2d 448 (1966). Once a plaintiff's allegations of diversity are challenged by a defendant, plaintiff must prove by a preponderance of the evidence that diversity in fact exists. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Arnold v. Troccoli*, 344 F.2d 842, 845 (2d Cir.1965); *Kaufman and Broad, Inc. v. Gootrad*, 397 F.Supp. 1054, 1055 (S.D.N.Y.1975); *Haymes v. Columbia Pictures Corp.*, 16 F.R.D. 118, 120 (S.D.N.Y.1954).

For the purposes of § 1332, the term "citizenship" is synonymous with "domicile." *See Delaware, L. & W.R. Co. v. Petrowsky*, 250 F. 554, 557 (2d Cir.1918), *cert. denied*, 247 U.S. 508, 38 S.Ct. 427, 62 L.Ed. 1241 (1918); *Yonofsky v. Wernick*, 362 F.Supp. 1005, 1016 (S.D.N.Y.1973); *Spanos v. Skouras Theaters Corp.*, 235 F.Supp. 1, 3 (S.D.N.Y.1964), *aff'd*, 364 F.2d 161 (2d Cir.1966), *cert. denied*, 385 U.S. 987, 87 S.Ct. 597, 17 L.Ed.2d 448 (1966); *Haymes v. Columbia Pictures Corp.*, 16 F.R.D. 118, 120 (S.D.N.Y.1954). Once domicile is established in one state, it is presumed to continue in existence, even if the party leaves that state, until the adoption of a new domicile is proven. *See Desmare v. United States*, 93 U.S. (3 Otto) 605, 610, 23 L.Ed. 959 (1876); *Sun Printing & Publishing Ass'n v. Edwards*, 194 U.S. 377, 383, 24 S.Ct. 696, 698, 48 L.Ed. 1027 (1904); *Haymes v. Columbia Pictures Corp.*, 16 F.R.D. 118, 120 (S.D.N.Y.1954).

Proof of a change of domicile requires proof that the party: (1) was physically present at the site of the new domicile and (2) intended to remain there indefinitely. *See* Rohrbach v. Coven, 85–4855, slip op. (S.D.N.Y. March 28, 1986) [Available on WESTLAW, DCTU database]; *Haymes v.*

*Columbia Pictures Corp.,* 16 F.R.D. 118, 120 (S.D.N.Y.1968). In ascertaining the intent of the party, that party's entire course of conduct may be taken into account. The party's own statements concerning his intentions are relevant, but they are of slight weight when they come into conflict with other facts that tend to disclose a contrary intent. *See District of Columbia v. Murphy,* 314 U.S. 441, 456, 62 S.Ct. 303, 310, 86 L.Ed. 329 (1941); *State of Texas v. State of Florida,* 306 U.S. 398, 425, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939).

Plaintiff received treatment from the defendant Bernstein in January and February of 1985. At that time, plaintiff was and had been a resident of the State of New York, was employed there, paid taxes to the state, and was a registered voter there. The complaint alleges that on or about February 25, 1985, he went to Richmond, Virginia for medical treatment where his family resided. From November 1985 to January 1986, plaintiff was in Rhode Island visiting friends. It was during this period, on December 30, 1985, that plaintiff commenced this action. On January 10, 1986, he returned to New York for the first time since he went to Virginia. He took up residence again in New York City, and resumed work there in February 1986 at the place of his former employment. Since then, he has continued to reside and work in New York City.

Plaintiff asserts that when this suit was commenced his domicile was in the State of Virginia. In support of this claim he states that when he left New York State on February 26, 1985, to live with his parents and obtain medical care in Virginia, he became a resident of Virginia and intended to remain there indefinitely. He notes that was continuously absent from New York State for ten months, from February 26, 1985 until January 10, 1986, and that in leaving New York he dropped out of courses in which he was enrolled, gave up his apartment, and left his job. It is on the basis of these facts that plaintiff claims he has met his burden of proof that he adopted a new domicile in Virginia.

In determining where a party intends to make his domicile, courts have traditionally looked to a variety of objective indicia of such intent, including where one resides, pays taxes, works, is registered to vote, and is licensed to drive. Based upon these indicia, it is clear that prior to his departure from New York, plaintiff was domiciled in, and a citizen of, the State of New York. At that time, plaintiff had an apartment in New York, attended classes in New York, had a full time job in New York, paid New York State income taxes, and had been registered to vote in New York since 1984. Because plaintiff was domiciled in New York, that domicile must be presumed to have continued when he left for Virginia, unless plaintiff sustains his burden of proof that he adopted a new domicile.

Reviewing these same indicia after plaintiff had joined his parents in Virginia, one finds inadequate evidence to support the contention that plaintiff adopted a new domicile. Plaintiff did not take a job in Virginia, pay state income taxes there, register to vote there, or attend classes there. He did not obtain a Virginia driver's license, but kept his old Rhode Island license. He did pay taxes to New York State due to previous withholding and he did remain a registered voter in New York State. The only objective indication of any kind that plaintiff intended to stay in Virginia is that he moved there and lived with his parents while undergoing medical treatment. Yet this evidence is very weak. In contrast to taking an apartment or making payments on a house, a young person's moving in with his parents does not by itself indicate an intention to remain at that location and to change his domicile. The mere fact that plaintiff lived in Virginia at his parents' home while receiving medical treatment does not, in itself, suffice to establish an intention to remain there. Although plaintiff claims that his illness explains why he did not develop any of the traditionally recognized ties to Virginia, this explanation cannot make up for the fact that plaintiff fails to provide objective proof of his intention to adopt a new domicile.

In essence, plaintiff relies upon his statement, made in response to defendants' mo-

tion to dismiss, that when he moved to Virginia it was his intention to remain there indefinitely. Plaintiff offers no objective proof of this intention, however, and his asserted intention is contradicted by his actual behavior. Upon obtaining his doctor's permission to have his blood work done elsewhere, plaintiff visited friends in Rhode Island, and upon learning that certain tests showed negative for cancer, plaintiff moved back to New York City and was reemployed at his former place of employment. In the face of such contraindicative facts, plaintiff's statement is entitled to little weight. Indeed, plaintiff's overall course of conduct suggests that his intention was not to remain in Virginia indefinitely, but to remain there until his condition improved, at which time he would return to New York.

Plaintiff has not shown by a preponderance of the evidence that at the time he commenced this action he was no longer domiciled in New York. Defendants' motion to dismiss is granted. Plaintiff's discovery motion is denied, and both plaintiff's and defendants' motions for Rule 11 sanctions are denied.

So ordered.