John V. HICKS and Kathleen R. Hicks

v.

David BROPHY, Irene S. Brophy, the Devoe Realty Company, Marcel LeRoi d/b/a Northeast Building Inspection Service, Thomas O'Lasky and Town of Bridgewater, Connecticut.

Civ. No. 3:93–1595 (JAC).

United States District Court, D. Connecticut.

Dec. 14, 1993.

Justine R. Tobis, Michelson, Kane, Royster & Barger, P.C., Hartford, CT, for plaintiffs.

John T. Shearman, Shearman & Waters, P.C., Danbury, CT, for defendants David Brophy and Irene S. Brophy.

Richard R. Burmeister, Law Offices of George J. DuBorg, Wethersfield, CT, for defendant Devoe Realty Co.

Marcel LeRoi, pro se.

James G. Williams, Cella, McKeon & Williams, North Haven, CT, for defendants Town of Bridgewater, Connecticut and Thomas O'Lasky.

## RULING ON DEFENDANTS' MOTIONS TO DISMISS

JOSÉ A. CABRANES, Chief Judge:

This action is based on the diversity of citizenship of the parties, pursuant to 28 U.S.C. § 1332. Pending before the court are the motions to dismiss of the defendant Devoe Realty Company (filed Sept. 24, 1993) and the defendants Town of Bridgewater and Thomas O'Lasky (filed Oct. 5, 1993).

### BACKGROUND

The plaintiffs' allegations in this action—which was commenced on August 12, 1993—are based on common law contract and tort claims, as well as the Connecticut Unfair Trade Practices Act, Conn.Gen.Stat. § 42–110a et seq. ("CUTPA"), and stem from the purchase of certain real property in Bridgewater, Connecticut ("Bridgewater property").

In Count 1, the plaintiffs allege that the defendants David H. Brophy and Irene S. Brophy breached the contract of sale regarding the Bridgewater property. In Count 2, the plaintiffs further allege that these defendants misrepresented that the Bridgewater property was in compliance with all applicable rules and regulations. Furthermore, in Count 3, the plaintiffs allege that these defendants fraudulently induced them into purchasing the Bridgewater property.

Count 4 alleges that Marcel LeRoi, doing business as Northeast Building Inspection Service, was negligent in inspecting the Bridgewater property. Count 5 further alleges that the Devoe Realty Company mis-represented that Bridgewater property was in excellent condition with no substantial defects when in fact the property was not legally inhabitable. In Count 6, the plaintiffs allege that Devoe Realty Company and Marcel LeRoi fraudulently induced them into purchasing the Bridgewater property.

In Count 7, the plaintiff asserts a negligence claim against Thomas O'Lasky, a building inspector employed by the Town of Bridgewater, Connecticut, while Count 8 sets forth a fraudulent concealment claim against the defendant O'Lasky. Pursuant to Conn. Gen.Stat. § 7–465 and § 52–557n, Count 9 alleges that the Town of Bridgewater is liable for the negligent acts of its employee, the defendant O'Lasky. Finally, Count 10 sets forth a CUTPA claim against the Devoe Realty Company and Marcel LeRoi.

More importantly for the purposes of the defendants' motions to dismiss, the complaint alleges that—while the various defendants in this action are citizens of South Carolina and Connecticut—the plaintiffs are citizens of the state of New York.

The defendants, on the other hand, have moved to dismiss this action for lack of subject matter jurisdiction, pursuant to Fed. R.Civ.P. 12(b)(1), due to a lack of complete diversity. More specifically, the defendants contend that the plaintiffs are in fact citizens of Connecticut, and that, as a result, this action cannot be maintained in federal court. According to the defendants, the plaintiffs' principal residence is in New Milford, Connecticut; the plaintiffs own two properties in Connecticut; they are registered voters in the Town of Milford; they own an automobile registered in Connecticut; the plaintiff Kathleen Hicks holds a current Connecticut motor vehicle license; and the plaintiffs maintain an active bank account with the New Milford Bank and Trust.

The plaintiffs respond by arguing that they are indeed residents of New York. According to the plaintiffs, they have maintained their principal residence in New York City for the last nine years, without interruption; their self-owned business is located and primarily conducted in New York City; they spend approximately 60 percent of their time

there; they receive all of their personal and business mail, including bills, there; and they receive their medical care and accounting services there. The plaintiffs further maintain that they have used their property in New Milford, Connecticut solely as a vacation home; that they have rented out this Connecticut house, under lease, since April 1993; and that they even placed the house on the market for sale in October 1992. The plaintiffs similarly represent that they intend to use their property in Bridgewater, Connecticut as a vacation home, and plan to spend approximately 10 percent of their time there. Moreover, the plaintiffs contend that they conduct their business and primary personal banking outside of Connecticut, and that they maintain a banking account in this state only for purposes of convenience. Finally, the plaintiffs claim that they have voted only once in Connecticut, again for convenience, in the 1992 national elections.

### DISCUSSION

#### I.

■ The defendants' motions to dismiss turn on one simple yet disputed issue of fact: whether the plaintiffs are citizens of Connecticut or New York. Before addressing the merits of these motions, it should be emphasized that the court cannot resolve this factual dispute merely upon a facial reading of the complaint. This matter necessarily involves the examination of evidence underlying the jurisdictional elements of the pleadings. The court may therefore consider affidavits, deposition testimony, and other materials outside the complaint. *See Antares Aircraft, L.P. v. Federal Republic of Nigeria,* 948 F.2d 90, 96 (2d Cir.1991), *vacated on other grounds,* —— U.S. ——, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992); *see also Ensign– Bickford Co. v. ICI Explosives USA Inc.,* 817 F.Supp. 1018, 1023 (D.Conn.1993). The consideration of materials outside the complaint on a motion to dismiss pursuant to Rule 12(b)(1) does *not* convert the motion into one for summary judgment pursuant to Rule 56. 2A Moore's Federal Practice ¶ 12.–07[2.–1] (1993).

#### II.

Turning to the merits, it is well established that a federal court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332 if any plaintiff is a citizen of the same state as any defendant. *See Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373–74, 98 S.Ct. 2396, 2402–03, 57 L.Ed.2d 274 (1978); and *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 68 (2d Cir. 1990). Accordingly, if the plaintiffs are citizens of Connecticut, this action must be dismissed. If, on the other hand, the plaintiffs are citizens of New York, the defendants' motions must fail.

■ For purposes of diversity jurisdiction, a person's citizenship is determined by domicile. It is a long-settled principle of law that while a person may have more than one residence, he may only have one domicile at any one time. *Williamson v. Osenton,* 232 U.S. 619, 34 S.Ct. 442, 58 L.Ed. 758 (1914); *National Artists Management Co., Inc. v. Weaving,* 769 F.Supp. 1224, 1227 (S.D.N.Y. 1991); Restatement (First) of Conflict of Laws § 11 (1934 & Supp.1948); Restatement (Second) of Conflict of Laws § 11 (1971 & Supp.1988); 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3612 (1984 & Supp.1993); 1 Moore's Federal Practice ¶ 0.74[3.2] (1991 & Supp.1993).

■ Domicile requires both (1) the party's physical presence in the state; and (2) the intent to remain in that state indefinitely. *Mississippi Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 109 S.Ct. 1597, 104 L.Ed.2d 29 (1989); *National Artists,* 769 F.Supp. at 1227. The second element does not require that the persons have an affirmative intent to remain permanently in the state, but merely that he has no present intent to move to another state. *National Artists,* 769 F.Supp. at 1227.

Where, as here, there is evidence that the parties have more than one residence, or the residence is unclear, the court should focus on the intent of the parties. *Id.* (*citing Brignoli v. Balch, Hardy & Scheinman, Inc.,* 696 F.Supp. 37, 41 (S.D.N.Y.1988)). "To as-

certain intent, a court must 'examine the entire course of a person's conduct in order to draw the necessary inferences as to the relevant intent.'" *Id.* (*quoting Brignoli,* 696 F.Supp. at 41). "In ascertaining intent of the party, that party's entire course of conduct may be taken into account. The party's own statements concerning his intentions are relevant, but they are of slight weight when they come into conflict with other facts that tend to disclose a contrary intent." *Id.* at 1227–28 (*quoting Bevilaqua v. Bernstein,* 642 F.Supp. 1072, 1074 (S.D.N.Y. 1986)).

■ In sum, the court uses a "totality of the evidence" approach, and no single factor is conclusive. *Id.* at 1228. Of course, pertinent factors include the place where civil and political rights are exercised, taxes paid, real and personal property (such as automobiles) located, driver's and other licenses obtained, bank accounts maintained, and places of business or employment. *Id.;* 1 Moore's Federal Practice ¶ 0.74[3.3] (1991 & Supp.1993). Other factors are also relevant, such as whether the person owns or rents his place of residence, how permanent the residence appears, and the location of a person's physician, lawyer, accountant, dentist, stockbroker, *etc. National Artists,* 769 F.Supp. at 1228 (*citing Brignoli,* 696 F.Supp. at 41; and *Willis v. Westin Hotel Co.,* 651 F.Supp. 598, 600 (S.D.N.Y.1986)).

■ Whether diversity exists is determined as of the time the action is commenced. *Freeport–McMoRan v. K N Energy, Inc.,* 498 U.S. 426, 426–29, 111 S.Ct. 858, 859–60, 112 L.Ed.2d 951 (1991); *Anderson v. Watt,* 138 U.S. 694, 702–03, 11 S.Ct. 449, 451, 34 L.Ed. 1078 (1891); *Bevilaqua,* 642 F.Supp. at 1073. Once a plaintiff's allegations of diversity are challenged by a defendant, a plaintiff must prove by a preponderance of the evidence that diversity does in fact exist. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Arnold v. Troccoli,* 344 F.2d 842, 845 (2d Cir.1965); *Bevilaqua,* 642 F.Supp. at 1073.

### III.

■ Under the circumstances presented here, the defendants' motions must fail. Put simply, the plaintiffs have firmly demonstrated that their domicile is in New York. They have offered more than mere subjective statements of affiliation with the state of New York; rather, they have presented ample and persuasive objective indicia of actual residence and intent. *See National Artists,* 769 F.Supp. at 1228; *Willis,* 651 F.Supp. at 601. The defendants, on the other hand, apart from one relatively weak piece of direct evidence, rely too heavily on inferences which are drawn from uncompelling facts and which have been adequately rebutted by the plaintiffs.

Concerning the property in New Milford, Connecticut, the plaintiffs have presented as evidence a copy of a lease, dated May 3, 1993—evidently, they rented out this house for the period running from May 15, 1993 to April 30, 1994. *See* Affidavit of John V. Hicks (filed Oct. 12, 1993) (doc. # 27) ("Hicks Affidavit"), Ex. 1. Mr. Hicks has also testified in his affidavit that he and his wife have used this house exclusively as a vacation home, that they moved all of their personal belongings out of the house in October 1992, and that the last time they slept there was in October 1992. *Id.* at ¶¶ 5, 6.

With regard to the plaintiffs' house in Bridgewater, Connecticut, Mr. Hicks has testified that this house is also intended solely as a vacation home, at least for the immediate future. *Id.* at ¶ 8. Moreover, according to the plaintiffs, this house was not even inhabitable at the time the complaint in this action was filed, and the Town of Bridgewater has steadfastly refused to issue a Certificate of Occupancy for the property. *Id.* at ¶¶ 9, 10. The plaintiffs represent that, as a result, the Bridgewater house is not even a legal dwelling. *Id.* at ¶ 10, 13. Indeed, the plaintiffs assert that they did not occupy the house even on a limited basis at any point after March 1993. *Id.* at ¶ 12.

The plaintiffs have also testified that their business is operated exclusively out of New York, *id.* at ¶ 18; that they have lived in New York since 1984, without interruption, *id.* at ¶ 19; and that their business and personal

mail is delivered to their New York address, *id.* at ¶ 20. Indeed, the utility and phone bills for the Bridgewater house are apparently mailed to the plaintiffs' residence in New York. *Id.* at ¶ 20; ex. 3, 4. The bank statements from the plaintiffs' New Milford account are also mailed to them in New York, *id.*, ex. 5; and the plaintiffs' business and primary personal banking accounts are not located in the state of Connecticut, *id.* at ¶ 21. In addition, the plaintiffs receive their medical care from New York practitioners. *Id.* at ¶ 22; ex. 6, 7. Finally, the plaintiffs' business and personal accountant for the past eight years has been located in New York. *Id.* at ¶ 23.

The defendants, on the other hand, have submitted only one item of direct evidence to controvert this testimony—the offer to purchase the Bridgewater property (dated July 26, 1992), on which the plaintiffs listed their New Milford address. *See* Memorandum of Law in Support of Motion to Dismiss of Defendant Devoe Realty Company (filed Sept. 24, 1993) (doc. # 21), ex. A; Memorandum of Law in Support of Motion to Dismiss of Defendants Town of Bridgewater and Thomas O'Lasky (filed Oct. 5, 1993) (doc. # 24), ex. A. This single item, however, is barely sufficient to rebut the plaintiffs' extensive testimony and supporting documentary evidence establishing New York as the plaintiffs' domicile.

The defendants, however, further support their claim with other, circumstantial evidence. According to the defendants, this evidence demonstrates that the plaintiffs' domicile is in Connecticut. The court disagrees. First, the mere fact that the plaintiffs now own two houses in Connecticut is not sufficient to establish that the plaintiffs have changed their domicile from New York, where they have lived since 1984. *See* Hicks Affidavit at ¶ 19. Furthermore, any inference that does arise from this fact has been rebutted by the plaintiffs' ample testimony and documentary evidence, which convincingly establishes that the plaintiffs' true intent was to use these Connecticut properties as vacation homes and not as principal residences.

Second, the fact that the plaintiffs maintain an active bank account in Connecticut is hardly surprising given their contacts with the state. The plaintiffs have testified that their primary banking accounts are located elsewhere and that their Connecticut account is maintained only for purposes of convenience. In view of the totality of the circumstances presented, the court credits the testimony of the plaintiffs in this regard and rejects the defendants' assertion that this factor weighs in their favor. The fact that the plaintiffs maintain a telephone line at the New Milford residence is even less compelling. Indeed, the telephone bills for this line, as well as the heating bills and bank statements, are mailed to the plaintiffs' New York address. *See* Hicks Affidavit, ex. 3–5. In any event, one would hardly expect in this day and age that a vacation home would be maintained without an active telephone line.

The defendants also place significant weight on the fact that Ms. Hicks holds a current Connecticut motor vehicle license. Mr. Hicks, however, has held a New York driver's license since 1984. *See* Hicks Affidavit at ¶ 16. This factor, therefore, is entirely inconclusive.

Finally, the defendants claim that the plaintiffs are registered to vote in Connecticut and that they own an automobile registered in Connecticut. While these considerations clearly indicate that the plaintiffs maintain significant ties to the state of Connecticut, they are not sufficient to establish that the plaintiffs maintain their domicile here. The totality of the evidence, including the Hicks Affidavit and the various documents submitted in support, establish, by a preponderance of the evidence, that the plaintiffs live, work, eat, and sleep primarily in New York. Indeed, the record demonstrates that, at the time this action was commenced, the New Milford home was being rented out to a tenant and the Bridgewater home was apparently uninhabitable. It is therefore difficult to imagine how the plaintiffs could, at that time, maintain their domicile in this state.

In sum, the court finds that the plaintiffs' domicile is in New York, and that their intent was to use their properties in Connecticut

solely as vacation homes. Accordingly, diversity jurisdiction is proper and the defendants' motions must be denied.

### CONCLUSION

Based on the record and for the reasons stated above, the Motion to Dismiss of the defendant Devoe Realty Company (filed Sept. 24, 1993) (doc. # 20) and the Motion to Dismiss of the defendants Town of Bridgewater and Thomas O'Lasky (filed Oct. 5, 1993) (doc. # 23) are hereby DENIED.

It is so ordered.