**John V. HICKS and Kathleen R. Hicks**

**v.**

**David BROPHY, Irene S. Brophy, the Devoe Realty Company, Marcel LeRoi d/b/a Northeast Building Inspection Service, Thomas O'Lasky and Town of Bridgewater, Connecticut.**

**Civ. No. 3:93–1595 (JAC).**

United States District Court,
D. Connecticut.

Jan. 13, 1994.

Justine R. Tobis, Michelson, Kane, Royster & Barger, P.C., Hartford, CT, for plaintiffs.

John T. Shearman, Shearman & Waters, P.C., Danbury, CT, for defendants David Brophy and Irene S. Brophy.

Richard R. Burmeister, Law Offices of George J. DuBorg, Wethersfield, CT, for defendant Devoe Realty Co.

Marcel LeRoi, pro se.

James G. Williams, Cella, McKeon & Williams, North Haven, CT, for defendants Town of Bridgewater, Connecticut and Thomas O'Lasky.

## ENDORSEMENT RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION

JOSÉ A. CABRANES, Chief Judge.

Based upon a full review of the record, the defendant's Motion for Reconsideration (filed January 6, 1993) is hereby GRANTED. Upon reconsideration, the court hereby ADHERES to its Ruling of December 14, 1993 ("December 14, 1993 Ruling"), 839 F.Supp. 948 which denied the defendants' motions to dismiss.

## DISCUSSION

The defendant Devoe Realty Company first claims that, on October 19, 1993, it filed a supplemental memorandum in support of its motion to dismiss which included additional evidence demonstrating that the plaintiffs' domicile is in the state of Connecticut. A full review of the record, however, reveals that the defendant's October 19, 1993 supplemental memorandum was not a part of the record

of this case until January 6, 1994, when it was submitted in support of its motion for reconsideration.[1] The defendant is therefore mistaken when it asserts that the court overlooked portions of the record when it issued its December 14, 1993 Ruling.

In any event, the defendant's reliance on its supplemental memorandum is unavailing. Based on the "totality of the evidence," *see* December 14, 1993 Ruling at 7, *National Artists Management Co., Inc. v. Weaving,* 769 F.Supp. 1224, 1228 (S.D.N.Y.1991), the court affirms its previous conclusion that the plaintiffs' domicile is located in New York and that, as a result, diversity jurisdiction is proper.

The documentary evidence[2] attached to the defendant's memorandum that purportedly establishes that plaintiffs reside in Connecticut does not suffice to contradict the plaintiffs' testimony under oath and the ample documentation submitted in support,[3] or the conclusions of the court in its December 14, 1993 Ruling.

Furthermore, most of the assertions made in support of the defendant's motion for reconsideration are completely unsupported by affidavit or any documentary evidence. For instance, the defendant claims that the plaintiffs received mail at their New York residence only as a result of a temporary transfer; that the plaintiffs listed their New Milford property as their primary residence on a mortgage application; that the plaintiffs do not maintain a personal telephone line in New York; and that credit reports reveal that the plaintiffs' primary residence was in New Milford, Connecticut. All of these allegations are unsworn and unsupported by any direct evidence. The plaintiffs' sworn testimony and supporting documentation, on the other hand, establish that they have rented out their New Milford house from the period running from May 15, 1993 to April 30, 1994. Hicks Affidavit ¶ 5 and Ex. 1. Under the circumstances presented here, the defendant's unsubstantiated allegations simply will not suffice.

Finally, the defendant's claim that the plaintiffs' Bridgewater property was free from any structural defects is irrelevant. The plaintiffs testified under oath that they did not occupy their Bridgewater house even on a limited basis at any point after March 1993. *See* Hicks Affidavit ¶ 12; December 14, 1993 Ruling at 9. The defendant has not offered any direct testimony or evidence contradicting this claim, and the scant, circumstantial evidence it has submitted is unavailing. The fact that the plaintiffs *could* have lived in their Bridgewater house is simply not dispositive. The central question is whether they did in fact live there, and the record here confirms that they did not.

## CONCLUSION

Based on the record, and for the reasons stated above, the defendant Devoe Realty's Motion for Reconsideration (filed January 6, 1994) (doc. # 29) is hereby GRANTED. Upon reconsideration, the court hereby ADHERES to its December 14, 1993 Ruling, which DENIED the defendants' motions to dismiss.

It is so ordered.

---

1. The supplemental memorandum is attached to the defendant's Memorandum of Law in Support of Motion for Reconsideration (filed January 6, 1994). Meanwhile, the Civil Docket Sheet for Case No. 93–CV–1595 (attached to this Endorsement Ruling) clearly indicates that no supplemental memorandum has been independently filed in this action.

2. This scant evidence consists merely of a Town of New Milford tax receipt and a Bridgewater, Connecticut real estate tax bill.

3. *See* Affidavit of John V. Hicks (filed October 12, 1993) ("Hicks Affidavit").