**Aleta CHAPPELLE, Plaintiff,**

v.

**BEACON COMMUNICATIONS CORP., Beacon Films, Inc., Ghiznost Productions, Inc., Leon Ichaso, Rudy Langlais and Gregory Brown, Defendants.**

No. 92 Civ. 8987(DAB).

United States District Court, S.D. New York.

Sept. 28, 1994.

Robert J. Berman, Hackensack, NJ, for plaintiff.

Baker & McKenzie, New York City (Gerald L. Maatman, Jr., Andrew J. Boling, Brian S. Cousin, of counsel), for defendants Beacon Communications Corp., Beacon Films, Inc. and Ghiznost Productions, Inc.

Katten, Muchin & Zavis, New York City (Raymond Mariani, of counsel), Paul, Hastings, Janofsky & Walker, Santa Monica, CA (Robert M. Dudnik, of counsel), for defendant Leon Ichaso.

Gregory Brown, pro se.

## OPINION

BATTS, District Judge.

Defendant Leon Ichaso ("Ichaso") moves to dismiss the Complaint against him, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction, in that he now claims that he is a domiciliary of New York, as is the plaintiff Aleta Chappelle ("Chappelle"), and not of California, as plaintiff asserted in her Complaint.[1] Plaintiff Chappelle cross-moves for sanctions, attorney's fees and costs, pursuant to Rule 11 of the Federal Rules of Civil Procedure, alleging that defendant Ichaso's counsel wilfully withheld material information during discovery. As discussed below, the court finds that defendant Ichaso is a citizen of New York, destroying diversity

between the parties, and that plaintiff Chappelle's cross-motion is without merit.

## BACKGROUND

Chappelle, a New York resident, is a motion picture casting director who has worked on several major film productions. Chappelle was retained by defendants Beacon Communications Corp. and Beacon Films, Inc. ("Beacon") through their production company, Ghiznost Productions, Inc., sometime prior to September, 1992, for a film production entitled "Harlem," starring Wesley Snipes. Work on this production was to be performed in California and New York.

Chappelle commenced her duties for Beacon on September 22, 1992, in Los Angeles, California. Chappelle alleges that from that time until she terminated her professional relationship with Beacon, approximately on October 20, 1992, she was subjected to persistent unwelcome sexual advances from, among others, defendant Leon Ichaso, the film's director. Chappelle alleges that these unwelcome sexual advances culminated on October 20, 1992 with a sexual assault by Ichaso.

On December 11, 1992, Chappelle filed this action in federal court, alleging discrimination under the United States Constitution and 42 U.S.C. § 1981. Chappelle also alleged violations of rights guaranteed by the California Constitution and state law claims for assault and battery, intentional infliction of emotional distress and breach of the covenant of good faith and fair dealing.

On November 11, 1993, on motions of two corporate defendants, Judge Michael B. Mukasey, to whom this case originally was assigned, entered an opinion and order dismissing Chappelle's claims under the United States Constitution and 42 U.S.C. § 1981 and Chappelle's claims for assault and battery and emotional distress under New York law.[2]

---

1. While defendant Ichaso's Answer, filed June 15, 1993, denied generally that he was a California resident, he did not specifically challenge this court's jurisdiction at that time on the basis of his New York citizenship. He did not file the instant motion until February, 1994.

2. This court notes that when Judge Mukasey determined that California, and not New York, law applied to the tort claims by employing the "substantial interest" analysis, he noted that "the significant contacts are, almost exclusively, the parties domiciles and the locus of the tort." 1993 WL 465312, at *3 (citation omitted). He found that New York Executive Law did not

Chappelle's remaining claims are for violations of Article I, section 8 of the California Constitution and for breach of contract under California law. *Chapelle v. Beacon Communications Corp.*, 1993 WL 465312 (S.D.N.Y. Nov. 12, 1993).

## DISCUSSION

■ Resolution of defendant Ichaso's motion to dismiss requires the consideration of evidence outside the pleadings addressing whether he is a citizen of New York, as he claims, or of California, as plaintiff alleges. "On a motion under Fed.R.Civ.P. 12(b)(1) challenging the court's subject matter jurisdiction, the court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits". *Antares Aircraft v. Federal Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir.1991) (citations omitted). If, upon reviewing the evidence, it becomes clear that both parties are citizens of the same state, the court must dismiss the claim for lack of subject matter jurisdiction, if no other jurisdictional basis exists. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373–74, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir.1990). The party seeking to invoke federal jurisdiction has the burden of proving that diversity exists. *National Artists Management Co. Inc. v. Weaving*, 769 F.Supp. 1224, 1228 (S.D.N.Y.1991)

■ For purposes of diversity jurisdiction, citizenship of the parties depends upon their places of domicile. Even though a party may have several places of residence, he or she may have only one domicile at a given time. *Williamson v. Osenton*, 232 U.S. 619, 625, 34 S.Ct. 442, 443, 58 L.Ed. 758 (1914); *Hicks v. Brophy*, 839 F.Supp. 948, 950 (D.Conn.1993). Generally, a "domicile" is distinguished from a "residence" by the permanency and scope of the party's presence there. Domicile may be thought of as a person's "home." It is "the place where a

person dwells and which is the center of his domestic, social and civil life." *National Artists Management Co. Inc. v. Weaving*, 769 F.Supp. at 1227 (quoting Restatement of Conflicts 2d §§ 11, 12 (1971), *as quoted in* 1 J. Moore, J. Lucas, et al., 1 *Moore's Federal Practice* ¶ 0.74[3.–3] at 707.65 n. 21 (2d ed. 1991)). Specifically, "[d]omicile requires (1) the party's physical presence in the state; (2) the intent to remain in that state indefinitely." *National Artists Management Co., Inc. v. Weaving*, 769 F.Supp. at 1227; *Texas v. Florida*, 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939).

■ Where, as here, a party has maintained more than one residence, the court should focus on the party's intent. *National Artists Management Co. Inc. v. Weaving*, 769 F.Supp. at 1227. "To ascertain intent, a court must examine the entire course of a person's conduct in order to draw the necessary inferences as to the relevant intent." *Id.* (quoting *Brignoli v. Balch, Hardy & Scheinman*, 696 F.Supp. 37, 41 (S.D.N.Y. 1988)) (internal quotation marks omitted). Typically, a "totality of the evidence" approach is employed, under which no single factor is conclusive. *Id.* 769 F.Supp. at 1228. As the court said in *National Artists*:

"Among the influential factors are the place where civil and political rights are exercised, taxes paid, real and personal property (such as furniture and automobiles) located, driver's and other licenses obtained, bank accounts maintained, location of club and church membership and places of business or employment", ... whether the person owns or rents his place of residence, the nature of the residence (i.e., how permanent the living arrangement appears), affiliations with social organizations, and the locations of the person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Id.* (quoting 1 *Moore's Federal Practice* ¶ 0.74[3–3] at 707.64). For diversity purposes, the key moment is the time at which

---

apply to her sexual harassment claim because "California has the greater interest in preventing harassment by these defendants because they are domiciled there and regularly conduct business there." *Id.* Thus his decision dismissing some

of plaintiff's claims was premised in part on the assumption that the defendants in issue were California domiciliaries. This is obviously not the case concerning defendant Ichaso.

the action was commenced. *Freeport–McMoRan v. K N Energy, Inc.*, 498 U.S. 426, 426–29, 111 S.Ct. 858, 858–60, 112 L.Ed.2d 951 (1991); *Maryland Casualty Co. v. W.R. Grace & Co.*, 23 F.3d 617, 622 (2d Cir.1994).

In the instant case, Ichaso presents evidence tending to support the claim that his domicile is New York,[3] including (1) New York state tax returns from 1984 to 1992, listing an apartment in New York as his place of residence, (2) federal tax returns from 1988 and 1992, also listing New York as his residence, (3) copies of two checks, one from a Chemical Bank account in New York City and one in the name of a company owned by Ichaso, from a MidLantic bank account in New Jersey, (4) the top half of bills sent to Ichaso by his law firm, located in New York, (5) signed lease renewal forms for Ichaso's apartment in New York covering a period from 1992 to 1996, (6) a letter from Ichaso's accountants in New Jersey, dated May 26, 1994, stating that they have performed services for Ichaso for more than ten years, during which time his residence was in New York. In addition to the documentary evidence submitted, Ichaso testified that he has rented his New York City apartment for twenty years and has lived there along with, at various times, his first wife and his current wife, from whom he is separated. Ichaso also testified that his father, mother and sister live in New York City.

In contrast, Chappelle points to alleged evidence of Ichaso's residence in California, including (1) leases on a two bedroom apartment in Los Angeles covering 1988 to 1994, (2) Ichaso's operation of a business out of his Los Angeles address, (3) a recent suit filed by Ichaso in a Los Angeles court, (4) a City National Bank account maintained by Ichaso in California, (5) a California driver's license and car registration maintained by Ichaso in California, (6) the presence in California of Ichaso's "live-in" girlfriend. None of these are inconsistent with Ichaso's claimed domicile in New York.

Looking at the totality of the evidence presented, the court concludes that at the time of the filing of this action, Ichaso was a New York citizen, at least for purposes of diversity jurisdiction. While Ichaso's career as a director of major motion pictures has required extensive contacts with California, to the extent that Ichaso resides in California several months of the year, these contacts do not obscure the fact that Ichaso's primary connection is to New York. New York is the only state in which Ichaso paid resident taxes, it is where Ichaso has retained a residence for the longest period of time, and it is the locus of many of Ichaso's business and social contacts. Many of Ichaso's contacts with California, such as his apartment, bank account and business, are necessary for the advancement of his career as a film director. Ichaso explained at his deposition that he keeps a car in California, rather than New York, because in New York he has access to the cars of his father and sister, both of whom live near Ichaso. The court concludes that, for purposes of diversity jurisdiction, Ichaso was a New York citizen at the time of commencement of this action. Therefore, as between Chappelle and Ichaso, no diversity of citizenship exists and Ichaso must be dismissed from this lawsuit.

Regarding Chappelle's motion for sanctions, attorney's fees and costs pursuant to Fed.R.Civ.P. 11, the court denies this motion in its entirety. While the court would agree that Ichaso's declaration in support of this motion for dismissal, prepared with the assistance of counsel, was not forthcoming with respect to his California bank accounts, and that defendant Ichaso well could have moved against the Complaint instead of Answering in June of 1993, nevertheless, Ichaso, at his deposition of May 23, 1994, explained that many of the documents requested by Chappelle in discovery were difficult to locate because Ichaso's Los Angeles apartment, in which many of the documents were stored, was destroyed in a January, 1994, earthquake. Ichaso has not produced credit card bills for the period requested, although he did produce some of what was asked of him. Ichaso asserts that many of his personal

---

3. Because the relevant period for determining Ichaso's domicile is the time the action is commenced, which in this case is December, 1992, evidence which is probative of Ichaso's domicile after that date is not discussed.

records, including credit card bills for the relevant period, were sent to various friends' homes for storage. Given the circumstances, the court does not find Ichaso's behavior to evidence a willful intention to mislead or confuse the court. Chappelle's Rule 11 motion is thus denied.

## CONCLUSION

For all the above reasons, Ichaso's motion under Fed.R.Civ.P. 12(b)(1) is granted and Chappelle's claims against him are dismissed, for lack of diversity jurisdiction. Chappelle's cross-motion under Fed.R.Civ.P. 11 is denied.

It is so ordered.