**David G. EDICK, Plaintiff,**

v.

**Dr. Elva POZNANSKI, Defendant.**

**No. 5:97 CV 52.**

United States District Court,
W.D. Michigan,
Southern Division.

Feb. 24, 1998.

Shari L. Heddon, Burchfield, Park & Heddon, Brighton, MI, David G. Edick, Asst. Atty. General, East Lansing, MI, for Plaintiff.

James L. Dalton, Jr., Willingham & Cote, PC, East Lansing, MI, Richard P. Condit, Condit, McGarry & Schloff, PC, Bloomfield Hills, MI, for Defendant.

## *OPINION*

ENSLEN, Chief Judge.

This matter is before the Court on Defendant Poznanski's Motion to Dismiss, filed July 3, 1997 (Dkt.# 17), pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant claims that this Court lacks jurisdiction over the subject matter because Defendant is not of diverse citizenship from Plaintiff. For the following reasons, Defendant's motion is granted.

## FACTS

On April 15, 1997, Plaintiff filed a complaint in this Court against Defendant alleging conspiracy to intentionally inflict emotional distress, defamation, and abuse of process. Plaintiff alleged jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. Plaintiff stated that he was a citizen of Michigan and that Defendant was a citizen of Illinois at the time the complaint was filed. Defendant affirmatively denied that she was a citizen of Illinois, and stated that she was a citizen of Michigan when the complaint was filed.

Defendant is a board certified psychiatrist, licensed in Michigan and Illinois, who has practiced in the specialty of child and adolescent psychiatry since 1962. Since 1984 Defendant has served as a professor in the Department of Psychiatry at Rush University Medical College in Chicago, Illinois and has served as Section Chief of the Child and Adolescent Psychiatry Department at Rush–Presbyterian–St. Luke's Medical Center in Chicago, Illinois.

Defendant first moved to Chicago in 1979. In 1985, Defendant purchased a condominium in Chicago. Defendant then purchased property in 1988 in New Buffalo, Michigan. In 1990, Defendant started building a house on the New Buffalo property. After the New Buffalo house was completed in 1991, Defendant began to use the house on weekends and live in Chicago during the work week. In approximately 1994, Defendant stated she formed an intention to change her domicile from Chicago, Illinois to New Buffalo, Michigan. Defendant began to scale back her work hours in preparation of her retirement to New Buffalo.

In 1996, Defendant obtained a Michigan driver's license, registered her car in Michigan, purchased Michigan insurance for her car, began voting in Michigan, and claimed the Michigan homestead exemption for the Michigan property. Her normal routine involved commuting to Chicago at the beginning of each week, working four days in Chicago while staying in her Chicago condominium, and then commuting back to her

residence in New Buffalo. Defendant continues to maintain her only bank account in Chicago, receive mail at her Chicago address, and obtain professional services from the same doctors and accountants in the Chicago area. In addition, Defendant filed 1996's Federal, State, and City of Chicago taxes using her Chicago address, and is a registered agent for two different Illinois companies. Defendant no longer has any family in Michigan since her two children now live in the Chicago area.

## DISCUSSION

### A. Rule 12(b)(1) Standard

Defendant seeks dismissal under Federal Rule of Civil Procedure 12(b)(1) for failure to establish jurisdiction. A Rule 12(b)(1) motion to dismiss based upon subject matter jurisdiction generally comes in two varieties. A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990). In reviewing such a facial attack, the Court takes the allegations in the complaint as true. *Id.* On the other hand, when the Court reviews a complaint under a factual attack, as here, no presumptive truthfulness applies to the factual allegations. *Id.* Such a factual attack on subject matter jurisdiction commonly has been referred to as a "speaking motion." *Id.; see also* C. Wright & A. Miller, Federal Practice and Procedure § 1364, at 662–64 (West 1969). When facts presented to the Court give rise to a factual controversy, the Court must therefore weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist. *Ohio Nat'l,* 922 F.2d at 325. In reviewing these "speaking motions," the Court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id.*

Should the plaintiff allege facts from which jurisdiction may be inferred, the motion must be denied so long as the defendant has not submitted contradictory evidence. *Mountain Fuel Supply Co. v. Johnson,* 586 F.2d 1375 (10th Cir.1978). If there are genuine issues of material facts at issue, a decision must be made on the factual questions before the motion is decided. *Commodities Export Company v. U.S. Customs Service,* 888 F.2d 431, 436 (6th Cir.1989). If, as in the instant case, "the facts are relatively simple [and] substantially uncontroverted, and the law is not complex" the Court may rule on a 12(b)(1) motion without pausing to make findings on disputed issues of fact. *Id.*

### B. Diversity Jurisdiction

Federal Rule of Civil Procedure 8(a) requires that a "pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends...." Facts establishing jurisdiction "must be disclosed on the face of the complaint, unaided by the answer." *Gully v. First Nat'l Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Ford v. Hamilton Investments, Inc.,* 29 F.3d 255, 258 (6th Cir.1994).

To establish a diversity action, Plaintiff must show that the amount in controversy exceeds $75,000, and that diversity of citizenship exists. 28 U.S.C. § 1332. The diversity of citizenship must be complete such that all parties on one side of the controversy are of diverse citizenship from all parties on the other side at the time the complaint is filed. *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 828–31, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). Once Plaintiff's allegations of diversity of citizenship are challenged by Defendant, Plaintiff must prove by a preponderance of the evidence that diversity does in fact exist. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Crosby v. America Online,* 967 F.Supp. 257, 260 (N.D.Ohio 1997); *see also Gafford v. General Electric Co.,* 997 F.2d 150, 158 (6th Cir.1993).

For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Certain Interested Underwriters at Lloyd's v. Layne,* 26 F.3d 39, 41 (6th Cir.1994); *Stifel v. Hopkins,* 477 F.2d 1116, 1120 (6th Cir.1973). Domicile is established by an intent to remain in a particular state permanently, or at least indefinitely. *Stifel,* 477 F.2d at 1120. Domicile is not lost

by protracted absence from home, where the intention to return remains. *Id.*

To ascertain intent, the Court must examine the entire course of Defendant's conduct in order to draw the necessary inferences as to the relevant intent. *Hicks v. Brophy*, 839 F.Supp. 948, 951 (D.C.Conn. 1993) (citing *Brignoli v. Balch, Hardy & Scheinman, Inc.*, 696 F.Supp. 37, 41 (S.D.N.Y.1988)). In ascertaining Defendant's intent, her entire course of conduct may be taken into account. *Id.* Defendant's own statements concerning her intentions are relevant, but they are of slight weight when they come into conflict with other facts that tend to disclose a contrary intent. *Id.; National Artists Management Co., Inc. v. Weaving*, 769 F.Supp. 1224, 1227–28 (S.D.N.Y.1991) (citing *Bevilaqua v. Bernstein*, 642 F.Supp. 1072, 1074 (S.D.N.Y. 1986)).

In sum, the Court must use a "totality of the evidence" approach, and no single factor is conclusive. *Hicks*, 839 F.Supp. at 951; *National Artists*, 769 F.Supp. at 1227–28. Place of residence is prima facie evidence of domicile. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir.1994). However, if a defendant has more than one residence, he or she may only have one domicile at any one time. *Williamson v. Osenton*, 232 U.S. 619, 34 S.Ct. 442, 58 L.Ed. 758 (1914). Additional factors used to determine domicile include the place where civil and political rights are exercised, taxes paid, real and personal property (such as automobiles) located, driver's and other licenses obtained, bank accounts maintained, and places of business or employment. *Hicks*, 839 F.Supp. at 951; *National Artists*, 769 F.Supp. at 1227–28; 1 Moore's Federal Practice ¶ 0.74[3.3] (1991 & Supp.1993). Other factors are also relevant, such as whether the person owns or rents his place of residence, how permanent the residence appears, and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc. *Hicks*, 839 F.Supp. at 951; *National Artists*, 769 F.Supp. at 1227–28 (citing *Brignoli*, 696 F.Supp. at 41 and *Willis v. Westin Hotel Co.*, 651 F.Supp. 598, 600 (S.D.N.Y.1986)).

**C. Defendant's Citizenship**

In this case, Defendant maintains two residences namely, a residence in Chicago and a residence in New Buffalo. Defendant continues to maintain her only bank account in Chicago, receive mail at her Chicago address, and obtain professional services from the same doctors and accountants in the Chicago area. In addition, Defendant filed 1996's Federal, State, and City of Chicago taxes using her Chicago address, and is a registered agent for two different Illinois companies. Further, Defendant no longer has any family in Michigan and her two children now live in the Chicago area. Plaintiff argues that Defendant's continued residence in Chicago establishes diversity.

To support his claim of diversity, Plaintiff cites *Galva Foundry Co. v. Heiden*, 924 F.2d 729 (7th Cir.1991). In *Galva*, the defendant maintained a residence in both Illinois and Florida. The defendant's Florida residence was nothing more than a vacation home and he spent most of the year in Illinois. Thus, the Seventh Circuit held that Illinois was the defendant's domicile.

Here, Defendant's New Buffalo home was not simply a vacation home. Defendant's normal routine involved commuting to Chicago at the beginning of each week, working four days in Chicago while staying in her Chicago condominium, and then commuting back to her residence in New Buffalo. Moreover, an allegation of residence in establishing diversity of citizenship alone is insufficient, since residence is not tantamount to citizenship. *Nadler v. American Motors Sales Corp.*, 764 F.2d 409, 412–13 (5th Cir. 1985). Diversity of citizenship rather than diversity of residence, is necessary to confer jurisdiction upon the District Court. *See Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir.1968).

Defendant stated that her intent was to change her citizenship or domicile from Illinois to Michigan in 1994. Defendant's intent was manifested in her actions to obtain a Michigan driver's license, register her car in Michigan, purchase Michigan insurance for her car, begin voting in Michigan, and claim the Michigan homestead exemption for the

Michigan property. Defendant further manifested her intent by cutting back the amount of time she spent in Chicago working and increasing the time she spent in New Buffalo. Defendant's primary connection with Illinois is her business relationships. Accordingly, Plaintiff fails to show by a preponderance of the evidence that Plaintiff and Defendant are of diverse citizenship, and the complaint fails under Rule 12(b)(1).

## CONCLUSION

For the aforesaid reasons, Defendant's motion will be granted.