**AUTOMOTIVE FINANCE CORPORATION,**
Plaintiff,

v.

**AUTOMAX OF NORTHERN ILLINOIS, INC., et al.,**
Defendants.

No. 02 C 2304.

United States District Court,
N.D. Illinois,
Eastern Division.

April 1, 2002.

Donald C. Pasulka, I. Brian Marquez, Ross & Hardies, Chicago, IL, for plaintiff.

### MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

■ Automotive Finance Corporation ("Automotive") has just filed its Complaint for Monetary Damages and Other Relief against Automax of Northern Illinois, Inc. ("Automax"), Jack Meade ("Meade") and John Does 1 through 10 ("Doe Defendants"), purporting to invoke federal subject matter jurisdiction on diversity of citizenship grounds under 28 U.S.C. § 1332.[1] Because such jurisdiction plainly (and indeed concededly) does not exist on the face of Automotive's Complaint, this Court sua sponte dismisses both the Complaint and this action on that ground.

■ Automotive properly does its job in Complaint ¶¶ 2 and 3 as to both corporate parties—itself and Automax—by identifying both facets of their respective states of citizenship under Section 1332(c)(1). But as to Meade, Complaint ¶ 4 identifies only his state of *residence* and not his state of *citizenship*, even though by definition the latter is the relevant fact. As taught by *Held v. Held*, 137 F.3d 998, 1000 (7th Cir.1998), quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir.1996):

> Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

Despite that directive, this Court normally gives the errant plaintiff's lawyer a chance to cure that type of flaw—both (1)

because an individual's place of residence so frequently (though not invariably) coincides with his or her state of citizenship and (2) to spare the client the need to pay another $150 filing fee. But in this instance the injection of Doe Defendants is a fatal flaw, for Complaint ¶ 5 (emphasis added) alleges:

> Upon information and belief, the Doe Defendants are individuals and/or entities organized and existing under the laws of *indeterminate states*, maintain principal places of business at *indeterminate addresses*, and transact and do business in the State of Illinois and within this Judicial District. The identities of the Doe Defendants are not presently known, and this complaint may be amended to include the name or names of said individuals and/or entities if and when their identities can be established.

Nearly two decades ago this Court found such allegations ran afoul of the nearly-two-centuries-old (see *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)) requirement of total diversity as between the plaintiff's side and the defendants' side (see *John Hancock Mutual Life Ins. Co. v. Central Nat'l Bank in Chicago*, 555 F.Supp. 1026 (N.D.Ill.1983)). And although confirmation of that basic proposition was scarcely necessary, Congress has essentially done so by amending the *removal* statute—but not the statute dealing with original jurisdiction—to eliminate the problem where a case with unnamed parties has been brought to the federal courthouse via removal. Here is the relevant provision of Section 1441(a):

> For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.[2]

---

1. All further references to Title 28's provisions will simply take the form "Section—."

2. [Footnote by this Court] There is a perfectly legitimate reason for the congressional decision to distinguish between original jurisdiction cases and removed cases in that respect.

As stated at the outset, then, both the Complaint ·and this action are dismissed for lack of subject matter jurisdiction. This ruling is of course without prejudice to Automotive's refiling of this action in a state court of competent jurisdiction.

In the removal situation, a plaintiff may simply be following state court practice by including fictitious parties (California is the jurisdiction best known for that practice), and the Section 1441(a) amendment was adopted to resolve the problems that Ninth Circuit jurisprudence was causing in that respect, potentially depriving defendants of their right to remove cases as to which there was no real question about diversity. By contrast, in original jurisdiction cases it is the plaintiff's counsel who controls the allegations and who can hence avoid the consequences visited on counsel and client by an order of the present type.