**Charhond MACKASON and Kevin Roberts, Plaintiffs,**

v.

**DIAMOND FINANCIAL LLC and Diamond Hold, JV, Defendants.**

**No. 04 Civ. 9722(CSH).**

United States District Court, S.D. New York.

Dec. 15, 2004.

---

Howard R. Sanders, Howard R. Sanders, Esq., New York City, for Plaintiffs.

Marguerite D. Peck, Downing & Peck, P.C., New York City, for Defendants.

MEMORANDUM OPINION
AND ORDER

HAIGHT, Senior District Judge.

This is an action for personal injuries allegedly suffered by the plaintiffs when an interior ceiling collapsed in a building in the Bronx owned and operated by the defendants. Plaintiffs commenced their action in the Supreme Court of the State of New York, Bronx County. Defendants removed the case to this Court on the ground of diversity of citizenship under 28 U.S.C. § 1332(a)(1). The case was assigned by lot to the undersigned.

Defendants state in their notice of removal dated December 9, 2004 at ¶ 3 that diversity is present because the plaintiffs "reside in New York, New York" and both defendants "have their principal place of business in Englewood Cliffs, New Jersey." With respect to the plaintiffs, these averments track the complaint, which alleges that plaintiff Charhond Mackason "was and still is a resident of the City of New York, County of Bronx, State of New York," ¶ 1, and that plaintiff Kevin Roberts "was and still is a resident of the City of New York, County of Kings, State of New York," ¶ 2. There are no allegations in the complaint about the defendants' principal places of business. Presumably counsel for defendants, in drafting the notice of removal, relied for these averments upon information supplied by the defendants themselves.

Federal district courts are courts of limited jurisdiction. A district court is required to raise *sua sponte* the question whether diversity of citizenship is adequately pleaded,[1] either by the complaint where a plaintiff commences an action in a

---

1. The necessity of the inquiry into citizenship arises from the statutory provision that federal district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between "*citizens* of different *States*." 28 U.S.C. § 1332(a)(1) (emphasis added).

federal court, or by the notice of removal where a defendant removes to a federal court an action commenced by a plaintiff in a state court. The case at bar presents the latter situation; and it is clear that defendants' notice of removal does not adequately allege diversity of citizenship.

As for the two plaintiffs, all that is alleged is their New York *residences.* But it is settled law that with respect to individual parties, citizenship for diversity purposes "depends upon their places of domicile. Even though a party may have several places of residence, he or she may have only one domicile at a given time." *Chappelle v. Beacon Communications Corp.,* 863 F.Supp. 179, 181 (S.D.N.Y.1994) (citing cases). "[A]llegations of residence are insufficient to establish diversity jurisdiction. It is well-established that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held,* 137 F.3d 998, 1000 (7th Cir.1998) (citation and internal quotation marks omitted). *See also Automotive Finance Corp. v. Automax of Northern Illinois, Inc.,* 194 F.Supp.2d 796, 797 (N.D.Ill. 2002) (complaint's jurisdictional allegations insufficient where plaintiff "identifies only his state of *residence* and not his state of *citizenship,* even though by definition the latter is the relevant fact.") (emphases in original). Accordingly the allegations in the complaint with respect to the plaintiffs' places of residence are insufficient to establish diversity jurisdiction.

As for the two defendants, the complaint alleges that defendant Diamond Financial L.L.C. "is a foreign limited liability company," ¶ 3, and defendant Diamond Hold, J.V. is "a foreign joint venture," ¶ 4. Defendants's notice of removal does not question those characterizations; it simply recites that both defendants have their principal places of business in New Jersey.

In the case at bar, the defendants' principal places of business are irrelevant to diversity analysis. Defendants may have in mind the provision in 28 U.S.C. § 1332(c)(1) that for diversity purposes "a *corporation* shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business" (emphasis added), but limited liability companies and joint ventures are not regarded as corporations within the meaning of the diversity statute.

For diversity purposes, the citizenship of a limited liability company ("LLC") depends upon the citizenship of its members. *See Handelsman v. Bedford Village Assoc. Ltd. P'ship,* 213 F.3d 48, 51 (2d Cir.2000) ("[D]efendants Bedford Partnership and Bedford LLC are, for diversity purposes, citizens of Florida because both entities have Florida members."), *citing with approval Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir.1998) (holding that because an LLC resembled a limited partnership and "members of associations are citizens for diversity purposes unless Congress provides otherwise," an LLC's citizenship "for purposes of diversity jurisdiction is the citizenship of its members.").

The rule is the same for joint ventures. "For diversity purposes, the citizenship of a joint venture is the citizenship of each of its members." *Schiavone Constr. Co. v. City of New York,* 99 F.3d 546, 548 (2d Cir.1996). *See also* 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure,* at § 3360, pp. 683–89 (West 1984) (whenever "a joint venture ... brings suit or is sued in a federal court, the actual citizenship of each of its members must be considered in determining whether diversity jurisdiction exists.").

It follows that the defendants' averments in their notice of removal with re-

spect to their own citizenship are equally insufficient to establish diversity jurisdiction in this Court.

In these circumstances, the Court makes the following Order:

1. On or before January 7, 2005, plaintiffs are directed to file and serve affidavits sworn to by them personally, giving the details necessary under relevant case law to demonstrate their domicile at the time they commenced their action.

2. On or before January 7, 2005, defendants are directed to file and serve affidavits executed by officers or representatives with knowledge of the facts, identifying each member of the defendant LLC and of the defendant joint venture, and setting forth with respect to each such member facts sufficient to demonstrate citizenship.

If these submissions do not resolve the issue of this Court's subject matter jurisdiction, the Court will conduct an evidentiary hearing limited to that issue. While I do not suggest that they would attempt to do so, plaintiffs cannot engineer a return to the court of their initial choice by failing to comply with ¶ 1 of this Order. Such non-compliance would result in a hearing before the Court at which their attendance would be compelled by subpoena. If defendants do not comply with ¶ 2 of this Order, the case will be remanded to the state court.

The foregoing is SO ORDERED.