# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
May 3, 2016 Session

## HYUNDAI MOTOR AMERICA v. TENNESSEE MOTOR VEHICLE COMMISSION, ET AL.

### Appeal from the Chancery Court for Davidson County
### No. 15441III     Ellen H. Lyle, Chancellor

_____

No. M2015-01411-COA-R3-CV – Filed December 30, 2016

_____

This appeal arises from a proceeding initiated by two automobile dealers who challenged the location of a proposed dealership in a contested case proceeding before the Tennessee Motor Vehicle Commission (the "Commission"); the manufacturer contended that the dealers were not located in the "relevant market area," as required by statute and moved to dismiss the proceeding for lack of standing.  The administrative law judge overruled the manufacturer's motion, and the manufacturer filed a petition in Chancery Court seeking interlocutory review.  The trial court dismissed the petition, holding that the court lacked jurisdiction to review the administrative judge's ruling on the motion.  The motor vehicle manufacturer appeals the dismissal of its petition for judicial review of the denial of its motion to dismiss the contested case proceeding. Concluding that the manufacturer did not meet the threshold requirement for immediate judicial review as set forth in the Administrative Procedures Act, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and THOMAS R. FRIERSON, II, J., joined.

Jon D. Ross and Gerald D. Neenan, Nashville, Tennessee, for the appellant, Hyundai Motor America.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; and Mary Ellen Knack, Senior Counsel, for the appellee, Tennessee Motor Vehicle Commission.

James W. Cameron, III, and Patrick W. Merkel, Brentwood, Tennessee, for the appellees, Grayson Hyundai, LLC and Twin City Hyundai, Inc.

# OPINION

## I.   FACTUAL AND PROCEDURAL HISTORY

Hyundai Motor America ("Hyundai") is a manufacturer and distributor of Hyundai motor vehicles.  On June 2, 2014, Hyundai sent written notice to Grayson Hyundai, LLC and Twin City Hyundai, Inc., Hyundai dealers in the Knoxville, Tennessee area, of its intent to appoint a new dealership in that area.  The letter read, in pertinent part, as follows:

> In accordance with the provisions of Tenn. Code Ann. 55-17-114(c) 20, this letter shall serve as formal notice of Hyundai Motor America's intent to appoint a new dealer in the North Knoxville, TN market area.  The new dealership facilities shall be located on adjacent parcels planned to be combined and located at 505, 509, and 513 Callahan Dr. NW, Knoxville, TN 37912.

On June 27, 2014, Grayson and Twin City filed a notice of protest with the Tennessee Motor Vehicle Commission (the "Commission") pursuant to Tennessee Code Annotated section 55-17-114(c)(20), objecting to the appointment of the new Hyundai dealer and requesting that the Commission deny Hyundai's appointment and location of the new dealer.[1]  On August 21, 2014, based on Grayson's and Twin City's notice of protest, the Commission issued a Notice of Contested Case Hearing stating, *inter alia*, that a hearing would be conducted in accordance with the Uniform Administrative Procedures Act.[2]

Hyundai filed a motion to dismiss the proceeding on February 3, 2015, asserting that the petition failed to state acts or omissions upon which the Commission could proceed and that the Commission did not have jurisdiction to conduct a contested case proceeding because the dealers did not have standing to pursue the protest because they are not in the "relevant market area" as required by Tennessee Code Annotated section 55-17-114(c)(20).  An administrative law judge entered an order on April 8, 2015, denying the motion.

Hyundai filed a Petition for Judicial Review and Injunctive Relief pursuant to Tennessee Code Annotated section 4-5-322(a)(1) in Davidson County Chancery Court,

---

[1]  The location of the proposed new dealer is referred to the "North Knoxville Open Point" and is referred to as such in this opinion.

[2]   Proceedings before the Commission are held in accordance with the Uniform Administrative Procedures Act, Tenn. Code Ann. § 4-5-101, *et seq*., and conducted before the Commission along with an administrative law judge pursuant to the contested case provisions of section 4-5-301, *et seq*.  The rules for the conduct of the proceeding are set forth at Tenn. R. & Regs. 1360-04-01.

asserting that the protesting dealers did not have standing to protest because the proposed dealership would not be located in the relevant market area, as defined in section 55-17-114(c)(20), and, accordingly, the Commission had no jurisdiction to proceed with the hearing. Hyundai requested that the court: (1) grant its petition for interlocutory judicial review, reverse the order denying its motion to dismiss, and dismiss the administrative proceeding with prejudice; (2) grant a stay of the administrative proceeding; (3) enter an order vacating the Commission's Notice of Contested Case Hearing; (4) award appropriate injunctive relief to prevent further proceedings; and (5) grant "other relief as may be proper."[3]

The Commission moved to dismiss Hyundai's petition for lack of subject matter jurisdiction pursuant to Tenn. R. Civ. P. 12.02(1) and for failure to state a claim upon which relief could be granted pursuant to Rule 12.02 (6), asserting that Tennessee Code Annotated section 4-5-322(a)(1) did not authorize immediate judicial review of the administrative judge's preliminary ruling and that the Uniform Administrative Procedures Act ("UAPA") did not authorize injunctive relief against the Commission.

In a Memorandum and Order entered on July 7, 2015, the trial court held that Hyundai failed to qualify under Tennessee Code Annotated section 4-5-322(a)(1) for immediate review and dismissed the petition. Hyundai appeals, articulating the following issues:

1. Whether the Commission is barred by Tennessee Code Annotated § 4-5-301(b) from deciding standing because it is a procedural question of law.
2. Whether the Administrative Proceeding is void *ab initio* because the Commission did not have jurisdiction to initiate or proceed with it.
3. Whether exhaustion of administrative remedies is required on a purely legal issue governed by an unambiguous statute when the facts are undisputed and the agency has no expertise regarding the issue.

## II.    DISCUSSION

This is an appeal of the chancellor's dismissal of Hyundai's petition for lack of subject matter jurisdiction. Hyundai contends that judicial review pursuant to Tennessee Code Annotated section 4-5-322 is necessary because review of the Commission's final decision would not provide an adequate remedy.

In the resolution of the issues presented in this appeal, we are called to apply Tenn. R. Civ. P. 12.02(1) and the jurisprudence attendant thereto.

---

[3] The record does not contain an order granting a stay of the contested case or injunctive relief relative thereto; in its brief on Appeal, Hyundai advises that the proceeding has been stayed by agreement of the parties pending resolution of this appeal.

A motion to dismiss for lack of subject matter jurisdiction falls within the purview of Tenn. R. Civ. P. 12.02(1). Challenges to a court's subject matter jurisdiction call into question the court's "lawful authority to adjudicate a controversy brought before it," *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000), and, therefore, should be viewed as a threshold inquiry. *Schmidt v. Catholic Diocese of Biloxi*, 2008-CA-00416-SCT (¶ 13), 18 So.3d 814, 821 (Miss. 2009). . . Litigants may take issue with a court's subject matter jurisdiction using either a facial challenge or a factual challenge. *See, e.g.*, *Schutte v. Johnson*, 337 S.W.3d 767, 769-70 (Tenn. Ct. App. 2010); *Staats v. McKinnon*, 206 S.W.3d at 542. A facial challenge is a challenge to the complaint itself. *See Schutte v. Johnson*, 337 S.W.3d at 769. . . . "[a] factual challenge denies that the court actually has subject matter jurisdiction as a matter of fact even though the complaint alleges facts tending to show jurisdiction." *Staats v. McKinnon*, 206 S.W.3d at 543.

*Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445-46 (Tenn. 2012) (footnotes omitted).

[A factual challenge] controverts the complaint's factual allegations regarding jurisdiction, *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993), and puts at issue the sufficiency of the evidence to prove facts that would bring the case within the court's subject matter jurisdiction, *Ensign-Bickford Co. v. ICI Explosives USA, Inc.*, 817 F.Supp. [1018], 1023 (D. Conn. 1993)]. "Factual" challenges to jurisdiction create "genuine issues as to material fact," but they do not require courts to convert the motion into one for summary judgment. *Chenault v. Walker*, 36 S.W.3d 45, 55-56 (Tenn. 2001). Instead, the courts must resolve these factual issues, at least preliminarily. *Edick v. Poznanski*, 6 F.Supp.2d 666, 668 (W.D. Mich. 1998); *Malkin v. United States*, 3 F.Supp.2d 493, 497 (D.N.J. 1998). The court must "determine whether the evidence in favor of finding jurisdiction is sufficient to allow the case to proceed." *Chenault v. Walker*, 36 S.W.3d at 56.[4]

---

4 In *Midwestern Gas Transmission Co.,* the court discusses its role in assessing a factual challenge to subject matter jurisdiction:

In assessing "factual" challenges to subject matter jurisdiction at the motion to dismiss stage, courts must keep in mind that the plaintiff bears the ultimate burden of proving facts establishing the courts' jurisdiction over the case. *Chenault v. Walker*, 36 S.W.3d at 56; *Wilson v. Sentence Info. Servs.*, No. M1998-00939-COA-R3-CV, 2001 WL 422966, at *5 (Tenn. Ct. App. Apr. 26, 2001) (No Tenn. R. App. P. 11 application filed). If a defendant has filed affidavits or other competent evidentiary materials challenging the plaintiff's jurisdictional allegations, the plaintiff may not rely on the allegations of the

*Midwestern Gas Transmission Co. v. Camilla Jean Palmer Revocable Living Trust*, No. M2005-00789-COA-R3-CV, 2006 WL 461108, at \*12 (Tenn. Ct. App. Feb. 24, 2006). Thus, it was incumbent upon the trial court, and this court in our review, to determine whether the evidence supports a determination that review of the final agency decision will not provide an adequate remedy; in our *de novo* consideration, we look at the petition, the materials filed, and the evidence cited by the parties to answer the question.[5]

Subject matter jurisdiction in this case is conferred by Tennessee Code Annotated section 4-5-322(a), which reads:

> (a)(1) A person who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter, which shall be the only available method of judicial review. A preliminary, procedural or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.

In its motion and on appeal, the Commission asserts that Tennessee Code Annotated section 4-5-322(a)(1) "does not authorize immediate judicial review of the administrative judge's preliminary ruling under the circumstances alleged" and that "[t]he UAPA does not authorize an award of injunctive relief against the Commission, and Hyundai cannot join a claim for injunctive relief… ." Because the motion to dismiss challenges the facts upon which Hyundai relies in its petition, the Commission's assertion is a factual challenge to the court's subject matter jurisdiction.

Hyundai filed the following documents as attachments to the petition for judicial review:

- Exhibit 1- Notice of Intent from Hyundai to Appoint a New Dealer;
- Exhibit 2- Protest of Grayson and Twin City;

---

complaint alone, but instead must present evidence by affidavit or otherwise that makes out a prima facie showing of facts establishing jurisdiction. Tenn. R. Civ. P. 43.02; *Chenault v. Wal*ker, 36 S.W.3d at 56. The trial court will "take as true the allegations of the nonmoving party and resolve all factual disputes in their favor…[without crediting] conclusory allegations or draw[ing] farfetched inferences." *Chenault v. Walker*, 36 S.W.3d at 56; *accord Wilson v. Sentence Info. Servs.,* 2001 WL 422966, at \*5.

2006 WL 461108, at \*13 (bracketed text in original).

[5] Review of the trial court's findings of fact is *de novo* upon the record, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Kaplan v. Bugalla*, 188 S.W.3d 632, 635 (Tenn. 2006). Review of the trial court's conclusions of law is *de novo* with no presumption of correctness afforded to the trial court's decision. *See Kaplan*, 188 S.W.3d at 635.

- Exhibit 3- Notice of Contested Case Hearing;
- Exhibit 4- Affidavit of John Frith, with the following attachments:
  - Exhibit A- Map of the relevant market area of Twin City;
  - Exhibit B- List of census tracks in North Knoxville Open Point;
  - Exhibit C- List of census tracks in Twin City's relevant market area;
  - Exhibit D- Map prepared by the dealers' expert witness, Edward Stockton;
- Exhibit 5- Hyundai's Motion to Dismiss and Memoranda;
- Exhibit 6- Collective Exhibit: Protesting Dealers Affidavits; Edward Stockton's Affidavit (Dealer's expert witness);
  - Exhibit A to Edward Stockton's Affidavit- Map of Grayson's and Twin City's RMA's Before Open Point
  - Exhibit B to Edward Stockton's Affidavit – Map of Grayson and Twin City's RMA's by 2000 Census Tract and 2010 Census Tract
- Exhibit 7- Portion of the Hearing Transcript Before the ALJ;
- Exhibit 8- Order denying Hyundai's motion to dismiss

Exhibits 1, 2, 3, 5, 7, and 8 are portions of the administrative record, which primarily present the factual and procedural history of that proceeding; exhibits 4 and 6 address the issue of the relevant market area of the proposed dealership with respect to those of the dealers, which is an issue to be resolved through an interpretation and application of Tennessee Code Annotated section 55-17-114(c)(20). Because our inquiry under section 4-5-322(a)(1) focuses on whether our review of the agency's final decision would not provide an adequate remedy, it is not necessary to consider these materials, which pertain to the substance of the underlying proceeding.

In our review of the factual allegations of the petition, we have identified paragraphs 19, 43, and 44 as addressing in some fashion the question of whether a final agency decision would provide Hyundai with an adequate remedy:

19. The Commission's unlawful arrogation of power will irreparably harm Hyundai and the consuming public.
***
43. Unless this Court intervenes to limit the Commission to its lawful jurisdiction, Hyundai will be forced to incur substantial expense defending itself against the Commission's illegal Administrative Proceeding. In addition, Hyundai's statutory right to grant the new dealership will be unlawfully abridged during the pendency of the illegal Administrative Proceeding, to the detriment of both Hyundai and the consuming public.

44. Hyundai is entitled to the relief sought in this Petition for Judicial

6

Review pursuant to Tenn. Code Ann. § 4-5-322(a)(1). Hyundai is clearly a person aggrieved by the Commission's actions which are illegal and exceed the jurisdiction conferred upon it under the Licenses Act as set forth above.

Paragraphs 19, 43, and 44 contain argumentative and conclusory allegations, which this court is not required to treat as fact. *See Midwestern Gas Transmission Co.*, 2006 WL 461108, at *12-13 (holding that the court, in resolving factual challenges to subject matter jurisdiction, is not required to give credit to the nonmoving party's conclusory allegations). Moreover, the possibility that Hyundai will have to bear the costs associated with the administrative hearing is not the type of injury contemplated by Tennessee Code Annotated section 4-5-322(a)(1), which provides a remedy for parties who consider themselves as being aggrieved by a final decision in a contested case.[6] Any alleged injury to the public is not contemplated by the statute, and the authority for the Commission's action is a matter for a court to determine after a final decision by the Commission.[7]

Paragraph 31 also makes reference to the adequacy of review of the final agency decision, stating:

---

[6] This court contemplated the type of injury warranting immediate judicial review in *George Nichopoulos, M.D. v. State of Tennessee Bd. of Med. Examiners*,:

> Attempts to enjoin administrative hearings because of a supposed or threatened injury, and thus to obtain judicial relief before the prescribed administrative remedy has been exhausted, have been held to be contrary to the long-settled rule of judicial administration.
>
> …
>
> Irreparable injury is usually considered to be a ground for injunctive relief, but the party seeking such relief must be able to show that pursuit and exhaustion of the administrative remedy will cause imminent harm as distinguished from merely speculative damages based on nothing more than apprehension that the final outcome if administrative proceedings will be prejudicial. . .

No. 01A01-9411-CH-00534, 1995 WL 145978, at *2 (Tenn. Ct. App. Apr. 5, 1995)(citing 73 C.J.S. *Public Administrative Law and Procedure* § 46 (1983)).

[7] In its brief on appeal, Hyundai cites to the preliminary statement as well as paragraphs 17, 18, 19, 20, and 43 of the petition in support of its contention that an administrative hearing would not be an adequate remedy. We have addressed paragraphs 19 and 43 in this discussion. The remaining portions assert: that the consuming public and Hyundai will be irreparably harmed; that the Commission has exceeded its jurisdictional authority in violation of Tennessee Code Annotated section 55-17-101 *et seq.*; and that Hyundai will be forced to incur substantial expenses in defending a case that is illegally before the Commission. As with paragraphs 19, 43, and 44, these are conclusory and argumentative statements and do not allege facts to support a determination that a final decision by the Commission would not be an adequate remedy.

31.   Hyundai is also entitled to immediate judicial review because this procedural question of law cannot be adjudicated by the Commission. T.C.A. § 4-5-301(b) requires that, "[a]n administrative judge or hearing officer shall, upon the judge's or the officer's own motion, or timely motion of a party, decide any procedural question of law." Hyundai was entitled to have its Motion to Dismiss adjudicated, and granted, by the Administrative Law Judge. By statute, the Commission has no jurisdiction whatsoever to adjudicate this procedural question of law, so this Petition is Hyundai's only adequate remedy.

(Emphasis added). Hyundai's argument in this regard is consistent with its position that the dealers do not have standing to protest the location of the proposed dealership because the dealers are not in the "relevant market area" as required by Tennessee Code Annotated section 55-17-114(c)(20). We respectfully disagree that the question of whether the dealers are located in the relevant market area, such as to grant the Commission authority to convene and conduct a contested case, is a "procedural question of law" within the meaning of Tennessee Code Annotated section 4-5-301(b).[8]

The authority for the Commission to consider the dealers' protest and convene a contested case proceeding derives from the powers granted at Tennessee Code Annotated section 55-17-114; subsection (c)(20) of that statute states:

(c) In addition to the grounds contained in subsection (a), the commission may deny an application for a license, or revoke or suspend the license of a manufacturer, distributor, distributor branch, factory branch or officer, agent or other representative thereof who has:
* * *
(20) Granted a competitive franchise in the relevant market area previously granted to another motor vehicle dealer. "Relevant market area," as used in this subdivision (c)(20), means that area as described or defined in the then

---

[8]  Tennessee Code Annotated section 4-5-301(b) states:

It is the duty of the administrative judge or hearing officer to preside at the hearing, rule on questions of the admissibility of evidence, swear witnesses, advise the agency members as to the law of the case, and ensure that the proceedings are carried out in accordance with this chapter, other applicable law and the rules of the respective agency. At no time shall the administrative judge or hearing officer hearing a case with agency members under subsection (a) take part in the determination of a question of fact, unless the administrative judge or hearing officer is an agency member. An administrative judge or hearing officer shall, upon the judge's or the officer's own motion, or timely motion of a party, decide any procedural question of law.

existing franchise or dealership of any dealer or dealers; provided, that if the manufacturer wishes to grant a franchise to an independent dealer, or to grant an interest in a new dealership to an independent person in a bona fide relationship in which the person has made a sufficient investment subject to loss in the dealership, and can reasonably expect to acquire full ownership of the dealership on reasonable terms and conditions, then the manufacturer shall give written notice to the existing dealer or dealers in the area, and the matter shall be submitted to the commission for final and binding action under the principles herein prescribed for a determination of the relevant market area, the adequacy of the servicing of the area by the existing dealer or dealers and the propriety of the granting of additional dealerships. The complaint, whether filed by an existing dealer or upon motion of the commission, shall be filed within thirty (30) days of the receipt by affected dealers of notice as required herein, and if no protests are filed, the manufacturer may proceed to grant the additional franchise;

Thus, under the plain language of the statute, it is the Commission's duty to make a determination of the "relevant market area," defined as "that area as described or defined in the then existing franchise or dealership of any dealer or dealers."

Hyundai's motion itself, as a motion to dismiss, is a procedural matter. The substance of the motion, i.e., the determination of "relevant market area," however, is substantive, inasmuch as it involves the interpretation of Tennessee Code Annotated section 55-17-114(c)(20) and its application to the existing franchise agreements and the proposed franchise; this is a determination vested by the statute in the Commission. Since Hyundai's motion was predicated on the allegation that the contesting dealers were not in the "relevant market area," the administrative judge properly ruled that the resolution of the motion required a factual determination which was to be resolved by the Commission, and the motion should accordingly be denied.

Hyundai has failed to demonstrate that "review of the final agency decision would not provide an adequate remedy," Tenn. Code Ann. § 4-5-322(a)(1); consequently, the court lacks subject matter jurisdiction and the petition was properly dismissed pursuant to Tenn. R. Civ. P. 12.02(1).

For the foregoing reasons, the judgment of the trial court is affirmed. The case is remanded to the trial court with instructions to remand the case to the Motor Vehicle Commission for further proceedings.

_____
RICHARD H. DINKINS, JUDGE

9